Clare M. Fraenzl and The Socialist Workers Party, Petitioners v. The Secretary of the Commonwealth of Pennsylvania and The Pennsylvania Bureau of Legislation, Commissions and Elections, Respondents.

Heard May 29, 1983, before Judge DOYLE.

*Lucinda A. Bush, Hart and Bush,* for petitioner.

*David Phifer,* Chief Counsel, with him, *LeRoy S. Zimmerman,* Attorney General, for respondents.

*Nancy S. Pryor,* for intervenor/respondent.

OPINION BY JUDGE DOYLE, June 8, 1984:

Petitioners, Clare M. Fraenzl and the Socialist Workers Party (SWP), seek a peremptory judgment in mandamus compelling the Secretary of the Commonwealth and the Pennsylvania Bureau of Legislation, Commissions and Elections to accept the nomination papers of Clare Fraenzl, and place her name on the November, 1984 general election ballot as the

SWP candidate for the office of United States Representative for the twenty-second Congressional District.

Initially, we address the application for leave to intervene of Nancy S. Pryor, the Republican Party candidate for U.S. Representative for the twenty-second district. We are guided by Pa. R.C.P. No. 2327 in this matter and find that Ms. Pryor does not fall within its purview. She will not be bound by any judgment in this action and, while our decision will no doubt have an effect on the outcome of the election, Ms. Pryor can assert no legally enforceable interest in potential votes which may be lost to an additional candidate. She can assert only an interest in having the election laws properly applied, an interest she shares in common with every other member of the electorate. In addition, we note that Ms. Pryor has available statutory procedures by which to challenge the nomination papers of Clare Fraenzl.[1] We therefore deny her application to intervene.[2]

The relevant facts are not in dispute.[3] The twenty-second Congressional District includes the Counties of Washington, Greene, and Fayette, and parts of Beaver and Allegheny Counties. In the November, 1983 general election, the SWP candidate for County Commissioner in Washington County secured a sufficient number of votes to qualify the SWP as a political "party" in Washington County under Section 801 (b) of the Election Code (Code), 25 P.S. §2831(b).[4]

---

[1] Section 977 of the Election Code, Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §2937.

[2] Leave was granted to file a brief amicus curiae, and said brief was filed on May 31, 1984.

[3] A stipulation of facts was read into the record. (N.T. 18-23).

[4] Section 801(b) provides:

Any party or political body, one of whose candidates at either the general or municipal election preceding the primary polled at least five per centum of the largest entire

During the period from January 10, 1984 through January 31, 1984, in which nomination petitions were to be circulated to place candidates for the respective political "parties" on the April, 1984 primary ballot, no petitions were circulated for SWP candidates. Nomination of candidates for the primary ballot by a political "party" requires nomination petitions signed by 200 registered party electors, Section 912 of the Code, 25 P.S. §2872(c), and there were only three registered SWP voters in the entire twenty-second Congressional District. After the April, 1984 primary, Petitioner Fraenzl submitted nomination papers containing 4,086 signatures, sufficient under Section 951 of the Code, 25 P.S. §2911, to place her name on the November ballot as a candidate representing a political "body." Fraenzl's papers were rejected by the Secretary under Sections 902 and 976 of the Code, 25 P.S. §§2862 and 2936.

Section 902 of the Code provides, in pertinent part:

> All candidates of political parties, as defined in section 801 of this act, for the offices of United States Senator, Representative in Congress and for all other elective public offices within this State . . . shall be elected at primaries held in accordance with the provisions of this act, except as otherwise provided in this act.

Section 976 of the Code provides that nomination papers may be rejected if

---

vote cast for any elected candidate in any county, is hereby declared to be a political party within said county; and shall nominate all its candidates for office in such county and in all political districts within said county, or of which said county forms a part, and shall elect such party officers as its rules provide shall be elected therein, by a vote of the party electors, in accordance with the provisions of this act.

the appellation set forth therein is identical with or deceptively similar to the words used by an existing party or by any political body which has already filed nomination papers for the same office, or if the appellation set forth therein contains part of the name or an abbreviation of the name or part of the name of an existing political party or of a political body which has already filed nomination papers for the same office.

On its face, section 902 seems to provide that political groups which achieve party status under section 801 *must* pursue the primary route as the mechanism for naming affiliated candidates in the general election, and section 976 seems to preclude any use of the party name in nomination papers, once party status is achieved. Petitioners complain, however, that such cannot be the proper reading as applicable to the circumstances in this case because they cannot pursue the primary mechanism with only three registered party voters. They urge that the Election Code, thus interpreted, bars the Socialist Workers Party from participation in the election process. Respondents counter that these provisions of the Code manifest a duty on the part of the party to register voters in the party name once party status is achieved and thereby pursue the nomination of candidates through the primary process.

We do not read the Election Code to impose any duty on a political group to actively register voters in the party name once party status is achieved under section 801. A fair reading of that section and related sections makes clear that the legislature intended to make the nomination of candidates a significantly *easier* task once a political group had demonstrated its viability through the performance of its candidates in a general election. We believe the Code was in-

tended to *make available* the more easily satisfied nomination requirements in the primary process, *to* members of political groups which have demonstrated substantial support among the electorate. While it seems evident that the legislature contemplated that once such broad based support was achieved, voters would identify with the political group by registration in that party and avail themselves of the primary mechanism, we do not believe the legislature intended to *mandate* pursuit of the primary process at least where, as here, the number of voters registered in the party makes it impossible for a candidate to utilize that process. We do not here comment whether the primary mechanism must be followed if there are a sufficient number of voters registered in the party to allow a candidate to be nominated through the primary process. We hold only that where there are not sufficient numbers of registered party electors, the provisions of the Code should not operate to bar the nomination of candidates under the party name. And, insofar as we read the Code to *ease* access to the ballot once party status is achieved, we find no affirmative duty imposed to register voters in the party.

Indeed, were such an affirmative duty to seek registration of party supporters imposed by the Code, we doubt that it would pass constitutional muster. Any requirement that SWP supporters publicly identify themselves not only as supporters of particular SWP candidates but as members of the party would gravely burden the freedom of association guaranteed by the First and Fourteenth Amendments to the United States Constitution. *See Brown v. Socialist Workers '74 Campaign Committee,* 459 U.S. 87 (1982).

We are constrained to interpret the Election Code to avoid both unconstitutional and absurd results.

Section 1922 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922. To interpret the Code as urged by the Respondents results in a "catch 22" which cannot have been intended by the legislature. Under the Respondents' interpretation, a political "body" which gains "party" status by attracting a sufficient number of voters in one year would be unable to place candidates before the electorate in the following year because the "party" did not have sufficient numbers of voters registered in the "party" name. With no candidates on the ballot in the second year, the "party" could not receive a sufficient percentage of the vote to sustain "party" status and would revert to political "body" status for the next year's election. The pattern would then repeat with the nomination of candidates by the political "body" in the third year. Such ridiculous vacillation in status from year to year cannot have been intended by the legislature.

## ORDER

Now, June 8, 1984, in accordance with the foregoing opinion, we hereby order the following:

1. The application of Nancy S. Pryor for leave to intervene is denied. Petition for reconsideration and/or rehearing of the application for leave to intervene is also denied.

2. Petitioners' motion for peremptory judgment is granted. The Secretary of the Commonwealth and the Pennsylvania Bureau of Legislation, Commissions and Elections are directed to accept the nomination papers of Clare M. Fraenzl for placement of her name on the November, 1984 general election ballot as the Socialist Workers Party candidate for the office of United States Representative for the twenty-second Congressional District.